IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| MICHAEL ALAN STACY, ADC #127239, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:17CV00136-SWW-JJV |
| MATT RICE, Sheriff of | * |
| Faulkner County; *et al.* | * |
| | * |
| Defendants. | * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    BACKGROUND

Michael Alan Stacy ("Plaintiff") is incarcerated at the Faulkner County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 5.) In his original Complaint, Plaintiff alleged Defendant Matt Rice, whom Plaintiff describes as Sheriff of Faulkner County, had been unresponsive to Plaintiff's letters and grievances about "what all is going on in his Jail." (Doc. No. 2 at 4.) I cautioned Plaintiff that his original Complaint was deficient and offered him an opportunity to file a superseding amended complaint. (Doc. No. 3 at 3-4.) Plaintiff has now filed an Amended Complaint in which he elaborates on the allegations against Defendant Rice and adds allegations against Defendant Gary Andrew, a lieutenant at the detention center. (Doc. No. 5.) Upon careful review of the Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

#### A.   Defendant Rice

Plaintiff alleges Defendant Rice has been unresponsive to Plaintiff's letters and grievances regarding "what's going on in his Jail."  (Doc. No. 5 at 4.)  Specifically, Plaintiff contends guards are selling drugs, cigarettes, and phones to inmates and paying inmates in cigarettes to "jump" other inmates.  (*Id*.)  Plaintiff alleges he has tried to speak with Defendant Rice about these problems and Defendant Rice "has not came and seen [him] one time."  (*Id*. at 6.)  As pointed out in my prior order (Doc. No. 3 at 4), a prison grievance procedure is a procedural right only; it does not confer any substantive rights or give rise to a protected liberty interest requiring the protections envisioned by the Fourteenth Amendment.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam).

Thus, Plaintiff has not stated a claim based on Defendant Rice's alleged failure to respond to his letters and grievances.

As for the concerns raised in those letters and grievances, Plaintiff does not allege he was injured in any way by guards selling contraband to inmates, nor does he contend he was jumped because a guard paid an inmate to do so.  And while he says he was "jumped," he has not stated he suffered any injury as a result.  Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)).  Moreover, Plaintiff does not allege Defendant Rice had any personal involvement in those alleged violations; he bases his claim on his belief that Defendant Rice is "over his community and Jails." (Doc. No. 5 at 6.)  It is well settled that there is no *respondeat superior* liability under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").  Finally, although Plaintiff purports to "represent all of the Inmates that are scared and fear for their [lives] here" (Doc. No. 5 at 5), he lacks standing to do so.  *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (per curiam).

      **B.    Defendant Andrew**

Plaintiff alleges Defendant Andrew told a guard Plaintiff was "snitching" and that guard then told an inmate; the inmates assumed Plaintiff "snitched on them" and consequently "jumped" him. (Doc. No. 5 at 4.)  Plaintiff has sued Defendant Andrew in his official capacity only.  (*Id*. at 2.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*

4

*v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)).  As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.  *Id*. at 166.  Thus, Plaintiff's claim against Defendant Andrew is to be treated as a claim against Faulkner County.  Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.  Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id*. at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Faulkner County that caused or contributed to his alleged injuries.  Accordingly, his official capacity claim against Defendant Andrew should be dismissed.

### C. Conditions of Confinement

As a final matter, I note Plaintiff's Amended Complaint may be construed as stating a conditions-of-confinement claim, as he refers to mold and rust in the showers at the detention center. (Doc. No. 5 at 5.)  This claim does not arise out of the same transaction or occurrence as the claims that make up the bulk of Plaintiff's Amended Complaint.  Pursuant to Federal Rule of Civil Procedure 20(a)(2), multiple unrelated claims are unsuited to proceed in a single action against

multiple defendants. Allowing all of Plaintiff's unrelated claims to proceed in this single cause of action would be contrary to the Federal Rules of Civil Procedure and defeat the "strike" and filing fee provisions of the PLRA. Therefore, to the extent Plaintiff attempts to state a conditions-of-confinement claim involving the showers, it should be summarily dismissed so Plaintiff can raise it in a separate action, if he chooses.

From a practical standpoint, I sympathize with Plaintiff's claims. If true, he has made some startling allegations. But these allegations, as pled, fail to rise to the level of a constitutional violation. Therefore, this cause of action should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of April, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."